# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN R. STIRE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0347** (BOR Appeal No. 2047592)
          (Claim No. 2011038348)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**RG STEEL WHEELING, LLC**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John R. Stire, by Sue Anne Howard, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 8, 2013, in which the Board reversed an August 2, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 24, 2011, decision which closed the claim for both temporary total disability benefits and a permanent partial disability award. In its Order, the Office of Judges also reversed and modified the claims administrator's June 28, 2011, decision which denied the addition of lumbar intervertebral disc disorder with myelopathy; post laminectomy syndrome, lumbar; and lumbar stenosis to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stire, a heater, was injured in the course of his employment on February 8, 2011, when the golf cart that he was driving struck a chain stretched across the road. The chain caught around his neck and pulled him backwards. Mr. Stire reported to the onsite registered nurse that he injured his neck, throat, tongue, and cervical spine. He denied additional changes in his pre-existing lower back pain. His claim was held compensable for superficial injuries and contusions to the face, neck, and scalp.

Mr. Stire has an extensive history of lower back pain. Lumbar spine MRIs dated as early as 2003 show disc desiccation, spondylosis, and bulging. An MRI taken on April 14, 2008, revealed disc herniations and spondylosis at L3-4 as well as a two millimeter left lateral disc herniation at L2-3. The indication for both MRIs was lower back pain and bilateral radicular leg pain. After his February 8, 2011, injury, Mr. Stire was diagnosed with lumbar intervertebral disc disorder with myelopathy; post laminectomy syndrome, lumbar; and lumbar stenosis. He requested that the conditions be added to the claim. Jeffrey Shall, M.D., opined in a June of 2011 treatment note that the work-related injury caused the herniation of the L2-3 disc. He recommended surgery which was performed with successful results.

Victoria Langa, M.D., performed an independent medical evaluation of Mr. Stire on December 7, 2011. She noted that he had sustained two prior work-related lower back injuries and opined that his medical records did not contain evidence of an injury to the lower back on February 8, 2011. She stated that he had a history of chronic lower back symptomology prior to his work-related injury. Following the injury, he reported to the company dispensary that he had no additional changes in his chronic lower back symptoms. He underwent an MRI in July of 2010 that showed a disc bulge at L2-3 with mild stenosis. An MRI in May of 2011 showed a disc protrusion at L2-3 that had progressed since the July of 2010 MRI. Dr. Langa stated that any disc abnormality can progress over time and there is no indication in this case to suggest that the disc abnormality at L2-3 was affected by the work-related injury. It was therefore her opinion that any treatment for the L2-3 disc herniation, including surgery, was unrelated to the compensable injury.

The claims administrator closed the claim for temporary total disability benefits and a permanent partial disability award on June 24, 2011. On June 28, 2011, the claims administrator denied a request to add lumbar intervertebral disc disorder with myelopathy; post laminectomy syndrome, lumbar; and lumbar stenosis to the claim. The Office of Judges reversed the claims administrator's decisions and held the claim compensable for lumbar intervertebral disc disorder with myelopathy in its August 2, 2012, Order. In its Order it also reopened the claim for temporary total disability benefits and a permanent partial disability award.

The Office of Judges found that diagnostic testing performed on August 26, 2009; July 1, 2010; and May 19, 2011, was the most relevant evidence of record. On August 26, 2009, an MRI found a diffuse disc bulge at L2-3 as well as mild spinal canal stenosis. On July 1, 2010, an MRI found a disc bulge and mild bilateral stenosis at L2-3. On May 19, 2011, after the compensable

2

injury, an MRI found a six millimeter disc herniation at L2-3 as well as moderate to severe spinal canal stenosis. The Office of Judges determined that Mr. Stire's treating physician, Dr. Shall, concluded that the herniated disc was the result of the work-related injury and recommended surgery which was performed and was successful. The Office of Judges found that Dr. Langa's independent medical evaluation stated that any disc abnormality may progress over time and that she did not believe the L2-3 disc herniation was related to the compensable injury. The Office of Judges found her opinion to be less reliable than Dr. Shall's because it determined that she understated Mr. Stire's condition and was reluctant to accept the reasonable inference that the work-related injury caused the herniated L2-3 disc. The Office of Judges noted that Mr. Stire had a substantial history of spinal problems including two lumbar spine surgeries. Nevertheless, it held that the preponderance of the evidence supported the addition of lumbar intervertebral disc disorder to the claim and the reopening of the claim for temporary total disability benefits and a permanent partial disability award. The conditions of post laminectomy syndrome and lumbar stenosis were determined to have pre-existed the compensable injury and thus were not held as compensable components of the claim.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decisions in its March 8, 2013, decision. The Board of Review found that the only compensable injuries in the claim were superficial injuries to the face, neck, and scalp and contusions of the same. The lower back was not included as a compensable component and no protest to the compensability Order was filed. When Mr. Stire was treated by the company nurse practitioner on the date of injury, he denied changes to his previous lower back pain. When he was treated again on February 21, 2011, he had no lower back complaints. The Board of Review found that Mr. Stire returned to work without restrictions and continued to work until he underwent lumbar spine surgery. Mr. Stire was found to have a history of prior lower back injuries and conditions. A disc herniation at L2-3, the same herniation sought to be held compensable in this case, was noted on an MRI dated April 14, 2008, well before the compensable injury. Mr. Stire had back surgery in 2005 and 2009 and was undergoing treatment for chronic lower back pain prior to the compensable injury. The Board of Review noted that Dr. Langa found that Mr. Stire's lower back problems were not causally connected to the compensable injury. It therefore found that lumbar intervertebral disc disorder with myelopathy; post laminectomy syndrome, lumbar; and lumbar stenosis were not compensable components of the claim and held the claim closed for both temporary total disability benefits and a permanent partial disability award. This Court agrees with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 27, 2014**

3

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum